UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSHUA SHIREMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-476-PPS-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Joshua Shireman, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of possession of dangerous contraband in violation of Indiana Department of Correction policy A-106. (ECF 1 at 1.) As a result, he was sanctioned with the loss of 60 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Shireman raises one ground in his petition that he claims entitles him to habeas corpus relief—that his request for surveillance video footage was wrongfully denied. The first issue is whether Shireman properly exhausted his administrative remedies. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Shireman must have properly grieved the issue within the prison's grievance system. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Shireman's attempts to appeal his disciplinary sanction were dismissed as untimely by the facility. (ECF 7-6, 7-7.) This means he failed to properly

1

exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").

Notwithstanding his failure to exhaust, the court may deny Shireman's claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). I do so here.

Inmates have a right to present relevant, exculpatory evidence in their defense. *See Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). However, prison officials are granted great deference in curtailing this right based on the administrative and security needs of the prison. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, Shireman requested that the hearing officer review surveillance video footage for a two-day period. Shireman claimed that, at some point during this two-day period, someone must have planted the weapon in his cell. It was not unreasonable for the hearing officer to deny this arduous request. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.* The denial of Shireman's request was a permissible use of the broad deference *Wolff* took care to preserve. *See id.* Therefore, Shireman is not entitled to habeas corpus relief.

If Shireman wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

2

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

Accordingly, the habeas corpus petition (ECF 1) is **DENIED**. The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

ENTERED: November 6, 2017.   /s Philip P. Simon
Judge
United States District Court